**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ALEXANDER E. TAYLOR,           | CASE NO. 13-CV-1366 JLS (WVG) |
|--------------------------------|-------------------------------|
| Plaintiff,                     | **ORDER: (1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND (2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM** |
| vs.                            |                               |
| MR. T, aka LAWRENCE TUREAUD, fka LAWRENCE TERO |              |
| Defendant.                     | (ECF No. 2)                   |

Presently before the Court is Plaintiff Alexander E. Taylor's ("Plaintiff") motion for leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) Plaintiff, proceeding pro se, has submitted a complaint alleging various claims against Defendant Mr. T, his alleged father, for failing to fulfill his obligations and responsibilities as a parent. (ECF No. 1.) Plaintiff has not prepaid the $400 in filing and administrative fees mandated by 28 U.S.C. § 1914(a), but instead filed this motion to proceed IFP pursuant to 28 U.S.C. § 1915(a).

///
///

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Upon review of the Plaintiff's motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required filing fees. Accordingly, good cause appearing, the Court **GRANTS** Plaintiff leave to proceed in forma pauperis.

## II. INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See id.* at 1127; *Calhoun*, 254 F.3d at 845; *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

As currently pleaded, the Court finds that Plaintiff's complaint fails to state a cognizable negligence claim against Defendant. In California, a claim for negligence must be brought within three years of the alleged incident. Cal. Civ. P. Code § 338. Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Plaintiff appears to be contending that Defendant has breached his parental duty to support Plaintiff, his child, as a minor.[2] (ECF No. 1 at 4-8.) Pursuant to California Family Code § 3901(a), the duty of support "continues as to an unmarried child who has attained the age of 18 years, is a full time high school student, and who is not self-supporting, until the time the child completes the 12th grade or attains the age of 19 years, whichever comes first." As Plaintiff was born on May 25, 1988, Plaintiff would have attained the age of 19 years on May 25, 2007. (*Id.* at 2.) As Plaintiff appears to be basing his negligence claim upon actions that took

---

[2]The Court further notes that it is unclear from Plaintiff's vague complaint whether Defendant's paternity was ever established, or if child support was ever mandated.

1 place while Plaintiff was a minor,[3] any such negligence action should have been filed 2 by May 25, 2010. Accordingly, because the running of the applicable statutes is 3 apparent on the face of the complaint, the Court **DISMISSES** Plaintiff's negligence 4 claim **WITHOUT PREJUDICE**.

5 Plaintiff's second cause of action for physical abuse, emotional abuse, and 6 abandonment is similarly deficient. Plaintiff's vague allegations fail to identify which, 7 if any, of Defendant's actions purportedly caused Plaintiff any harm. Plaintiff further 8 fails to identify what, if any, damages he may have suffered. Accordingly, the Court 9 **DISMISSES** Plaintiff's second cause of action **WITHOUT PREJUDICE**.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to proceed IFP is **GRANTED**. Plaintiff's complaint is further **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. CivLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

DATED: August 28, 2013

Honorable Janis L. Sammartino
United States District Judge

---

[3]Plaintiff provides no dates for any specific actions taken by Defendant. Indeed, Plaintiff's complaint is primarily composed of conclusory allegations that Defendant failed to perform general tasks when Plaintiff was a minor, speculation as to how Plaintiff's life would have been different if he had spent time with Defendant, anecdotal stories such as how a stranger helped Plaintiff tie his tie, and numerous lists of parental guides that Defendant allegedly failed to follow, such as "8 Essential Parental Responsibilities," "28 Rules for Fathers of Sons," "A Guide to Biblical Manhood," and "25 Things I Think Every Dad Should Teach His Kids." (*See generally* ECF No. 1.)